1  VENABLE LLP
2  DANIEL P. HOFFER (SBN 173812)
   CELESTE BRECHT (SBN 238604)
3  SCHUYLER B. SOROSKY (SBN 265367)
   Email:    dhoffer@venable.com
4            cbrecht@venable.com
             ssorosky@venable.com
5  2049 Century Park East, Suite 2100
   Los Angeles, CA  90067
6  Telephone:  (310) 229-9900
   Facsimile:   (310) 229-9901

FILED
CLERK, U.S. DISTRICT COURT

JUL 1 9 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

7  Attorneys for  KRETEK
8  INTERNATIONAL, INC.; ULTIMATE
   SUPERFOODS, INC.; PHILLIPS & KING
9  INTERNATIONAL, INC.; CROSSLINE
   INTERNATIONAL, INC.; MAX
10 GILLILAND; and YVONNE
   YAWORSKY

11

12  **UNITED STATES DISTRICT COURT**

13  **CENTRAL DISTRICT OF CALIFORNIA**

14

15  COLLEEN JONES, an individual,      CASE NO. CV13-05241-MWF
                                                (SSx)
16                 Plaintiff,
                                      NOTICE OF REMOVAL
17         v.
                                      (Superior Court of the State of
18  KRETEK INTERNATIONAL, INC., a     California for the County of Ventura,
    California Corporation; ULTIMATE   Case No. 56-2013-00437253-CU-WT-
19  SUPERFOODS INC., a California      VTA)
    Corporation; PHILLIPS & KING
20  INTERNATIONAL, INC., a California
    Corporation; CROSSLINE
21  INTERNATIONAL, INC., a California
    Corporation; MAX GILLILAND, an
22  individual; and YVONNE YAWORSKY,
    an individual; and DOES 1 through 50,
23  inclusive,

24                 Defendants.

25

26

27

28

1

NOTICE OF REMOVAL

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

#6466919

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, under 28 U.S.C. §§ 1441(a) and 1446, and in accordance with 28 U.S.C. §§ 1331 and 1367, Defendants Kretek International, Inc., Ultimate Superfoods, Inc., Phillips & King International, Inc., Crossline International, Inc., Max Gilliland, and Yvonne Yaworsky ("Defendants") hereby remove the above-captioned action from the Superior Court of the State of California for the County of Ventura to the United States District Court for the Central District of California, Western Division, by filing this Notice of Removal with the Clerk of the United States District Court for the Central District of California.

Removal is proper here because, as explained below, this Court has original jurisdiction over this action under 28 U.S.C. § 1331.  This is a civil action alleging various employment-related claims, including a claim under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*.  Each of Plaintiff's remaining claims is transactionally related to Plaintiff's FMLA claim insofar as all of Plaintiff's claims arise from the same alleged wrongs and involve substantially the same facts, and are therefore subject to supplemental jurisdiction under 28 U.S.C. § 1367.

**PROCEDURAL BACKGROUND**

1.     On or about May 31, 2013, plaintiff Colleen Jones ("Plaintiff"), an individual and citizen of the State of California, initiated a civil action entitled *Colleen Jones v.  Kretek International, Inc., Ultimate Superfoods, Inc., Phillips & King International, Inc., Crossline International, Inc., Max Gilliland, and Yvonne Yaworsky,* Civil Action No. 56-2013-00437253-CU-WT-VTA, in the Superior Court of the State of California for the County of Ventura.  A true and correct copy of the Complaint is attached hereto as **Exhibit 1.**

2.     The first date upon which Defendants received a copy of the Complaint was June 20, 2013, when Defendants were each served with copies of

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

#6466919

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1    the Summons and Complaint.  Thus, this Notice of Removal is timely filed within

2    30 days of receipt of the initial pleading.  True and correct copies of the

3    Summonses are attached hereto as **Exhibit 2.**[1]

4         3.     Pursuant to 28 U.S.C. § 1446(d), written notice of removal will be

5    promptly given to Plaintiff and the Superior Court of the State of California for the

6    County of Ventura.  A copy of this Notice of Removal will also be promptly

7    served upon counsel for Plaintiff and filed with the Clerk of the Superior Court of

8    the State of California for the County of Ventura.

9         4.     Removal to the United States District Court for the Central District of

10   California, Western Division is proper under 28 U.S.C. § 1441(a) because the

11   Complaint was filed in the Superior Court of the State of California for the County

12   of Ventura, which is located within this jurisdictional district and division.  This

13   Court is thus the proper venue for removal under 28 U.S.C. §§ 1441(a) and

14   1446(a).

15                    **<u>BASIS FOR REMOVAL</u>**

16        5.     This action is removable under 28 U.S.C. § 1441(a), which allows

17   removal of any action over which the federal district courts have original

18   jurisdiction.

19        6.     This Court has original jurisdiction under 28 U.S.C. § 1331, which

20   confers original jurisdiction upon this Court for civil actions arising under the laws

21   of the United States.  In particular, Plaintiff alleges that Defendants interfered with

22

23

24

25

26   _____

[1] The Summonses and Complaint constitute all papers in the state court file.  As such, Defendants have complied with 28 U.S.C. § 1446(a) insofar as they have attached to this Notice copies of "all process, pleadings, and orders" served upon Defendants in the state court action.

27

28

NOTICE OF REMOVAL

1  Plaintiff's rights under the federal Family and Medical Leave Act, 29 U.S.C. §

2  2601 *et seq.*[2]

3        7.        This Court has supplemental jurisdiction over "all other claims that

4  are so related...that they form part of the same case or controversy." 28 U.S.C.

5  § 1367.  In order to exercise supplemental jurisdiction, two conditions must be

6  exist: (1) there must exist a federal claim; and (2) the non-federal claim must arise

7  "from a common nucleus of operative fact" such that a plaintiff "would ordinarily

8  be expected to try them in one judicial proceeding."  *United Mine Workers of Am.*

9  *v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138 (1996).

10       8.        Plaintiff's remaining state law claims, including Denial of California

11 Family Rights Act ("CFRA") Rights; Retaliation for Exercising Rights Under

12 CFRA; Unlawful Discrimination Under Fair Employment and Housing Act

13 ("FEHA") (Age and Disability); Failure to Accommodate a Known Disability; and

14 Wrongful Demotion and Termination in Violation of Public Policy, are all closely

15 related to Plaintiff's FMLA claims, over which the Court has original jurisdiction,

16 and arise from a common nucleus of operative facts.

17       9.        Essentially, all of Plaintiff's claims arise from the same alleged

18 wrongs inflicted upon Plaintiff by her alleged employers.  Plaintiff alleges that she

19 requested various leaves of absence under the CFRA and FMLA, including in June

20 of 2011 based on her husband's alleged ankle injury, November of 2011 due to her

21 hospitalization for pneumonia, and in June of 2012 when she again became ill with

22 pneumonia.  (Complaint at ¶¶ 13, 17, 21.)  The crux of Plaintiff's Complaint is that

23 Defendants interfered with her right to take such leaves by, among other things,

24 refusing to allow her to take a fulltime leave and instead forcing her to take an

25

26 ─────────────────────

27 [2] In addition, the FMLA provides that an action under the statute "may be maintained against any
   employer...in any Federal or State court of competent jurisdiction by any one or more
28 employees." 29 U.S.C. § 2617(a)(2).

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA. 90067
310-229-9900

4

#6466919

intermittent leave (Complaint at ¶ 14); manifesting hostility toward Plaintiff and retaliating against her, including writing her up for various transgressions, demoting her, and discouraging her from exercising her leave rights (*Id.* at ¶¶ 15, 16, 19, 22, 29, 38, 47); and ultimately wrongfully terminating Plaintiff (*Id.* at ¶ 23.)

10. Because they arise out of the same facts as Plaintiff's FMLA claims, Plaintiff's remaining claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Therefore, pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over these claims.

11. This Notice of Removal is brought on behalf of each of the Defendants to this action, who are jointly represented by counsel. Each of the Defendants consents to the removal.

WHEREFORE, Defendants request that this Court assume jurisdiction over this matter on removal from the Superior Court of the State of California for the County of Ventura.

Respectfully submitted,

DATED: July 19, 2013

VENABLE LLP

By: _____

CELESTE BRECHT
Counsel for Defendants KRETEK
INTERNATIONAL, INC.;
ULTIMATE SUPERFOODS INC.;
PHILLIPS & KING
INTERNATIONAL, INC.;
CROSSLINE INTERNATIONAL,
INC.; MAX GILLILAND; and
YVONNE YAWORSKY

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

5

EXHIBIT 1

VENTURA
SUPERIOR COURT
FILED

MAY 3 1 2013

MICHAEL D. PLANET
Executive Officer and Clerk
BY:_____,Deputy
Maia A. Acosta

1  William Rehwald, SB#51396
   Lawrence M. Glasner, SB#142677
2  Daniel R. Chaleff, SB#173028
   Kevin Rehwald, SB # 255334
3  **REHWALD GLASNER & CHALEFF**
   **A Professional Corporation**
4  5855 Topanga Canyon Blvd., Suite 400
5  Woodland Hills, California 91367
   Telephone: (818) 703-7500 Facsimile: (818) 703-7498
6
7  Attorney for Plaintiff COLLEEN JONES

8
                    **SUPERIOR COURT OF CALIFORNIA**
9
                          **COUNTY OF VENTURA**
10

11  COLLEEN JONES, an Individual          ) Case No.  56-2013-00437253-CU-WT-VTA
                                          )
12            Plaintiff                   )
                                          ) COMPLAINT FOR DAMAGES:
13       v.                               )
                                          ) 1. INTERFERENCE WITH FMLA RIGHT
14                                        )
    KRETEK INTERNATIONAL, INC. a          )
15  California Corporation;               ) 2. RETALIATION FOR EXERCISING
    ULTIMATE SUPERFOODS INC., a           )    RIGHTS UNDER FMLA
16  California Corporation;               )
    PHILLIPS & KING INTERNATIONAL,        ) 3. DENIAL OF CFRA RIGHTS
17  INC., a California Corporation;       )
    CROSSLINE INTERNATIONAL, INC., a      ) 4. RETALIATION FOR EXERCISING
18  California Corporation;               )    RIGHTS UNDER CFRA
    MAX GILLILAND, an Individual;         )
19  YVONNE YAWORSKY, an Individual; and   ) 5. UNLAWFUL DISCRIMINATION
20  DOES 1 through 50, Inclusive          )    UNDER FEHA (AGE AND
                                          )    DISABILITY)
21                                        )
              Defendants                  )
22                                        ) 6. FAILURE TO ACCOMMODATE A
                                          )    KNOWN DISABILITY
23                                        )
                                          ) 7. WRONGFUL DEMOTION AND
24                                        )    TERMINATION IN VIOLATION OF
                                          )    PUBLIC POLICY
25                                        )
26  _____) DEMAND FOR JURY TRIAL
27

28

                                    1
                                Complaint

COMES NOW, Plaintiff COLLEEN JONES, and alleges as follows:

1.    Plaintiff COLLEEN JONES (hereinafter "JONES" or "Plaintiff") is an individual and at all times herein alleged was residing in Ventura County, California.

2.    Defendant KRETEK INTERNATIONAL, INC. is a California Corporation, and at all times herein alleged had its headquarters in Ventura County, California.

3.    Defendant ULTIMATE SUPERFOODS, INC. is a California Corporation, and at all times herein alleged had its headquarters in Ventura County, California.

4.    Defendant PHILLIPS & KING INTERNATIONAL, INC. is a California Corporation, and at all times herein alleged had its headquarters in Ventura County, California.

5.    Defendant CROSSLINE INTERNATIONAL, INC. is a California Corporation, and at all times herein alleged had its headquarters in Ventura County, California.

6.    Defendant MAX GILLILAND is an Individual, and at all times herein alleged, was residing in Ventura County, California. MR. GILLILAND was the head of the Credit Department for above named corporate Defendants and was Plaintiff's direct supervisor.

7.    Defendant YVONNE YAWORSKY is an Individual, and at all times herein alleged, was residing in Ventura County, California. Defendant YAWORSKY was the Human Resources Manager for all above named corporate Defendants.

8.    The full extent of the facts linking the fictitiously designated Defendants with the causes of action alleged herein is unknown to Plaintiff. In addition, the true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise of Defendant DOES 1 through 25, are unknown to Plaintiff at this time. Plaintiff therefore sues said Defendants by such fictitious names and will ask leave of Court to amend this Complaint to show their true names and capacities when ascertained. Said Defendants are sued as principals

and/or agents, and employees of said principals, and all of the acts performed by them as agents, and employees were performed within the course and scope of their authority and employment. Based on information and belief, Plaintiff alleges that each and every Defendant designated as a DOE was responsible for the events referred to herein and in some manner caused the injuries to the Plaintiff as hereinafter alleged. Plaintiff will amend this Complaint to state the manner in which each fictitious Defendant is so responsible.

9.    At all times herein mentioned, each of the Defendants and the supervisors and the employees of each Defendant are the acts of each other Defendant because said persons or entities were the parent company, principals, owners, supervisors, employees, and/or co-venturers of said Defendants, and further, upon discovery of said acts, Defendant ratified and adopted such action and activity.

10.    Where applicable, Plaintiff JONES has exhausted her administrative remedies. Within the time allowed for by law, Plaintiff has made complaints to the California Department of Fair Employment & Housing and received Notices of Right to Sue, which were timely served on Defendants.

11.    JONES was a joint-employee of Defendants CROSSLINE INTERNATIONAL, INC., PHILLIPS & KING INTERNATIONAL INC., ULTIMATE SUPERFOODS, INC., and KRETEK INTERNATIONAL, INC. These corporate Defendants share common ownership and management. In that regard, Plaintiff JONES acted as a Credit Manager/Credit Analyst, analyzing credit limits and determining creditworthiness of customers for each of the above named Corporate Defendants.  Each corporate Defendant had the authority to control her wages, and hours working conditions, as well as all other aspects of her employment. Plaintiff's primary

employer was KRETEK INTERNATIONAL, INC. All said corporate Defendants will be hereinafter referred to collectively as "KRETEK" or the "KRETEK Defendants."

12.     KRETEK hired Ms. JONES in 2006 as a Credit Manager/Credit Analyst. Ms. JONES was a full time employee, who often worked overtime. At all times herein alleged, Ms. JONES performed her duties adequately and satisfactorily.

**A.     Leave of Absence in June of 2011**

13.     On June 2, 2011, Ms. JONES' husband suffered a catastrophic ankle injury, necessitating a six-week period of stabilization prior to surgery. JONES approached Defendant YAWORSKY and requested a qualifying leave of absence under the California Family Rights Act ("CFRA" Gov't Code § 12945.2) and the Family Medical Leave Act ("FMLA" 29 U.S.C. § 2601 et seq.).[1] At the time of this request, as well as all other requests for qualifying leave discussed herein, Ms. JONES was entitled to the protections of the FMLA and CFRA in that she worked 1250 hours in the 12 months immediately preceding the commencement of each leave, and had been employed by KRETEK for substantially more than 1-year.  KRETEK was an employer subject to the protections of the FMLA and CFRA because it had more than 50 employees within 75 miles of Plaintiff's jobsite. When JONES spoke to YAWORSKY, she appeared unfamiliar with FMLA or CFRA protected leave.

14.     JONES then approached Defendant GILLILAND and the CEO, Donald Gormely, to request an FMLA/CFRA qualifying leave of absence. Defendant GILLILAND was immediately upset by the request. JONES requested full-time leave. However, Mr. GILLILAND

---

[1]     Under 29 U.S.C. § 2612(a)(1)(C); 29 C.F.R. § 112(a)(3); Government Code § 12945.2(c)(3)(A), (B); and 2 Cal. Code Regs. § 7297.0(c), an employee may take an FMLA/CFRA protected leave to care for the employee's spouse with a serious health condition.

refused to allow a full-time leave and instead forced Ms. JONES to take an intermittent leave.[2] When she did try to take time off, Mr. GILLILAND limited her time off to one or two days at a time.[3] Generally, Mr. GILLILAND seemed annoyed that the company was required to provide Ms. JONES with any leave, and took many steps to curtail her rights. On August 5, 2011, Ms. Jones still had over 250 hours of protected leave remaining. Nevertheless, Ms. YAWORSKY sent Ms. JONES this email:

> "In calculating the original doctor's certification, based on my calculation, your request for intermittent leave to care for your husband leave will expire on August 19, 2011.  Under the FMLA (Family Medical Leave Act) we only have to comply in granting you 12 weeks of unpaid leave.
>
> I would like to arrange a meeting with you, Max and I to discuss your employment options." [errors original].[4]

15.     Shortly after receiving this email, Ms. JONES met with YAWORSKY and GILLILAND. In the meeting YAWORSKY and GILLILAND threatened to fire Ms. JONES. She protested this action, pointing out that she was still entitled to leave, and that only the time she actually took counted against her leave entitlement. Unable to carry out their planned termination, YAWORSKY and GILLILAND became upset. Nevertheless, the actions of

---

[2]     It is a bright-line violation of 29 U.S.C. §2612(b) to *force* an employee to take intermittent leave. Intermittent leave is only appropriate where the employer and employee *agree* to leave.

[3]     Discouraging an employee from using FMLA leave constitutes actionable interference. [29 C.F.R. § 825.220(b)].

[4]     Under 29 U.S.C. § 2612(b)(1) and 29 C.F.R. § 825.205(b), when an employee is taking intermittent leave, the employer is only permitted to count the amount of leave actually taken against the employee's leave entitlement.

Complaint

GILLILAND and YAWORSKY evince substantial hostility to Ms. JONES' exercise of her FMLA/CFRA rights.

16.     Around August 26, 2011, Ms. JONES concluded her intermittent leave to care for her husband. Unable to fire Ms. JONES simply because she took a leave, Mr. GILLILAND and Ms. YAWORSKY began looking for excuses to discipline and fire Ms. JONES. Specifically, Mr. GILLILAND began rifling through Ms. JONES' work on a regular basis to uncover any minor error or unfinished task.

**B.      Leave of Absence in November 2011**

17.     On November 8, 2011, Ms. JONES was hospitalized with pneumonia. Her doctor placed her off work until November 18, 2011. At the time of this leave, Ms. JONES still had several hours of leave entitlement for the calendar year of 2011.

18.     On November 18, 2011, Ms. JONES submitted a second doctor's note, extending her leave to November 28, 2011. Shortly after receiving this second doctor's note, Mr. GILLILAND posted a Craigslist.org ad, soliciting candidates for Ms. JONES's position. At the time of this posting, Ms. JONES was still on a protected leave of absence.

19.     Ms. JONES returned to work on December 5, 2011. Immediately, KRETEK, YAROWSKY and GILLILAND demoted and wrote JONES up. Defendants removed Ms. JONES' workstation and gave it to an employee Ms. JONES had trained. Then, KRETEK assigned Ms. JONES to a desk right outside of the CFO's office, which was a workstation with significantly less status and seniority.[5] It was known in the company that this workstation was a penalty box. KRETEK also had a 19-year old file clerk provide Ms. JONES with her

---

[5]     An employee returning from protected leave is entitled to be returned to a position with "substantially similar duties, conditions, responsibilities, privileges and status as the employee's original position." [29 C.F.R. § 825.215(e)]; see also 2 Cal. Code Regs. § 7297.2(a) requiring an employee be reinstated to "the same or comparable position."

assignments, which were substantially less important than the work she performed before her leave. Apparently, YAWORSKY and GILLILAND rummaged through Ms. JONES' desk in advance of her return to find pretexts to justify their retaliatory employment actions. Unable to find any real grounds for discipline, Mr. GILLILAND and YAROWSKY decided to base the write-up on the purported uncleanliness of Ms. JONES' desk.

20.    Although KRETEK had given Ms. JONES written and verbal warnings in the past, it had not provided any formal written warnings or evaluations regarding her actual work product from December 5, 2011 through June 15, 2012.

C.    **Leave of Absence in June 2012**

21.    On June 13, 2012, Ms. JONES again became ill with pneumonia and called in sick. However, Mr. GILLILAND would not let her take the day off. Because she could not drive, Mr. Jones decided to drive his wife to work. On the way, Ms. JONES's condition deteriorated and Mr. Jones drove Ms. JONES to her General Practitioner. After performing a series of tests, Ms. JONES' doctor immediately sent her to the emergency room. Ms. JONES informed KRETEK that she was hospitalized that same day and left two additional messages the following morning.[6]

22.    As of January 1, 2012, Ms. JONES was entitled to a fresh 12-week leave under the FMLA.[7] Despite having sufficient notice of Ms. JONES's need for qualifying leave (*see* 29

---

[6]    Under 29 C.F.R. §§ 825.302(c) and 825.303(b), Ms. Jones' phone call was sufficient notice of her need to take a qualifying leave of absence. Verbal notice is also sufficient under the CFRA.  See 2 Cal. Code Regs. § 7297.4(a).

[7]    Although 29 C.F.R. § 825.2000(b) allows an employer to choose between four methods of calculating the 12-month "leave year", employers are required to provide notice of the selected method. [*Bachelder v. American West Airlines, Inc.* (9th Cir. 2001) 259 F.3d 1112, 1127-29]. If an employer fails to give notice of its "leave year" calculation, they will be deemed to have elected no option at all. [*Id.* at 1129]. When an employer fails to select a calculation method, the choice providing "the most beneficial outcome to the employee" will be used. [29 C.F.R. § 825.200(e)]. In this case, Kretek did not give notice of the calculation method it used, if had selected one at all. Thus, the 12-week "leave year" calculation that will be used is the "calendar year." Thus, on January 1, 2012, Ms. Jones was entitled to a fresh 12-week leave period.

---

7

Complaint

C.F.R. § 825.302(c)), Mr. GILLILAND immediately placed an ad on Craigslist.org, soliciting candidates for Ms. JONES' position, again betraying his hostility to Ms. JONES' rights. The next day, June 14, 2012, Mr. Jones called KRETEK and spoke to Ms. YAWORSKY. He informed her that Ms. JONES would need to take another FMLA protected leave.

23.     KRETEK did not provide any of the documentation required under the FMLA. Instead, on June 15, 2012, it sent Ms. JONES a letter terminating her employment. The lengthy letter cited several petty and false performance concerns. However, none of the performance concerns had been documented prior to this June 15, 2012 letter. Because KRETEK, GILLILAND and YAWROSKY had written JONES up in the past for other issues, the lack of any write-ups between December of 2011 and the June 15, 2012 letter indicates that the issues cited in the June 15, 2012 letter were either fabricated or exaggerated to justify an illegal termination.

## FIRST CAUSE OF ACTION

### INTERFERENCE WITH FMLA RIGHTS

### (AGAINST KRETEK DEFENDANTS, GILLILAND AND YAWORSKY)

24.     Plaintiff re-alleges and incorporates the factual allegations contained in paragraphs 1 through 23 of the preliminary allegations as though set forth full herein.

25.     29 U.S.C. § 2615(a)(1) provides it is unlawful for an employer "to interfere with, restrain, or deny the exercise of ... any right" under the FMLA.

26.     Defendant KRETEK was an employer within the meaning of the FMLA, because it employed 50 or more employees at all times herein alleged. Under 29 U.S.C. § 2611(4)(A)(ii)(I), employer also extends to "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." Mr. GILLILAND and Ms. YAWORSKY directly acted on behalf of the KRETEK Defendants in interfering with and

denying Ms. JONES' rights under the FMLA.  As such, Defendants GILLILAND and

YAWORSKY are "employers" within the definition of the FMLA.

27.     Plaintiff JONES was at all times an employee entitled to FMLA leave because she

had more than 12 months of continuous service, on a full-time basis at the time she requested

each of her leaves.

28.     As alleged above, Plaintiff provided sufficient notice to KRETEK of her need for

FMLA qualifying leaves.

29.     Defendants KRETEK, Mr. GILLILAND, and Ms. YAWOSKY denied Plaintiff

JONES her rights under the FMLA in the following ways:

- In June of 2011, Defendants forced JONES to take intermittent leave when she
  requested and needed full-time leave in violation of 29 U.S.C. §2612(b);

- From June 2011 to August of 2011, Defendants calculated JONES' intermittent
  leave based on a 12-calander week basis, instead of based on the actual leave she
  used in violation of 29 U.S.C. § 2612(b)(1) and 29 C.F.R. § 825.205(b);

- In August of 2011, Defendants tried to fire JONES on the twelve week
  anniversary of the commencement of her intermittent leave also in violation of 29
  U.S.C. § 2612(b)(1) and 29 C.F.R. § 825.205(b);

- From June 2011 to August of 2011, Defendants discouraged JONES from
  exercising her right to leave in violation of 29 C.F.R. § 825.220(b);

- In November of 2011, Defendants began looking for replacements for
  Ms. JONES while she was on protected leave, even posting an ad on
  Craigslist.org, soliciting candidates for her position, in violation of 29 U.S.C. §
  2615(a)(1);

- On December 5, 2011, Defendants refused to return JONES to her original position, or to an equivalent one, essentially demoting her immediately upon her return, in violation of 29 U.S.C. § 2615 and 29 C.F.R. § 825.215(e);

- On December 5, 2011, Defendants used JONES' leave as a negative factor in deciding to write her up and demote her in violation of 29 C.F.R. § 825.220(c);

- On June 14, 2012, Defendants failed to follow the detailed designation requirements under 29 C.F.R. § 825.300(d), which constitutes a denial of FMLA rights under 29 C.F.R. § 300(e);

- On June 14 and 15, 2012, Defendants interfered with and denied Ms. JONES' right to FMLA leave by summarily terminating her employment when she requested leave, in violation of 29 U.S.C. § 2615(a).

30.     The above referenced violations were willful in nature, thereby entitling Ms. JONES to a three-year statute of limitations as well as to liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii) and 29 C.F.R. § 825.400(c) in an amount equal to her other damages, which are described in the following paragraph.

31.     As a result of Defendants' multiple violations of the FMLA, Ms. JONES has suffered lost wages, lost benefits, lost insurance and other direct costs in an amount to be determined at trial, but in any event, greater than $35,000.00.

32.     Ms. JONES is also entitled to recover attorneys' fees, expert witness fees, and other costs of the suit under 29 U.S.C. § 2617(a)(3) and 29 C.F.R. § 825.400(c).

## SECOND CAUSE OF ACTION

## RETALIATION FOR EXERCISING RIGHTS UNDER FMLA

## (AGAINST THE KRETEK DEFENDANTS, GILLILAND AND YAWORSKY)

33.     Plaintiff re-alleges and incorporates the factual allegations contained in paragraphs 1 through 23 of the preliminary allegations as though set forth full herein.

34.     Under 29 U.S.C. § 2516(a)(2) and 29 C.F.R. § 825.220(a)(2),(3), and subdivision (c), an employer, or any other person, is prohibited from discriminating against, or discharging, an employee for taking FMLA leave.

35.     Defendant KRETEK was an employer within the meaning of the FMLA, because it employed 50 or more employees at all times herein alleged.  Under 29 U.S.C. § 2611(4)(A)(ii)(I), employer also extends to "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." Mr. GILLILAND and Ms. YAWORSKY directly acted on behalf of the KRETEK Defendants in interfering with and denying Ms. JONES' rights under the FMLA.  As such, Defendants GILLILAND and YAWORSKY are "employers" within the definition of the FMLA.

36.     Plaintiff JONES was at all times an employee entitled to FMLA leave because she had more than 12 months of continuous service, on a full-time basis at the time she requested her leave.

37.     Plaintiff exercised her rights under the FMLA by taking three qualifying leaves between June of 2011 and June of 2012.

38.     Defendants KRETEK, Mr. GILLILAND and Ms. YANOWSKY intentionally retaliated against Plaintiff for taking an FMLA qualifying leaves by:

- In June of 2011, Defendants tried to fire Ms. JONES claiming she had exceeded her leave entitlement when she had not;

- In November of 2011, Defendants posted Ms. JONES' job on Craigslist.org when she extended her protected leave of absence;

- On December 5, 2011, Defendants wrote Ms. JONES up and demoted her because she took a qualifying leave of absence;

- In June of 2012, Defendants again posted Ms. JONES' job on Craigslist.org immediately after learning she needed to take another qualifying leave of absence;

- On June 15, 2012, Defendants summarily fired Ms. JONES because she requested another qualifying leave of absence.

39.     The above referenced violations were willful in nature, thereby entitling Ms. JONES to a three-year statute of limitations as well as to liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii) and 29 C.F.R. § 825.400(c) in an amount equal to her other damages, which are described in the following paragraph.

40.     As a result of Defendants' multiple violations of the FMLA, Ms. JONES has suffered lost wages, lost benefits, lost insurance and other direct costs in an amount to be determined at trial, but in any event, greater than $35,000.00.

41.     Ms. JONES is also entitled to recover attorneys' fees, expert witness fees, and other costs of the suit under 29 U.S.C. § 2617(a)(3) and 29 C.F.R. § 825.400(c).

## THIRD CAUSE OF ACTION

### DENIAL OF CFRA RIGHTS

### (AGAINST THE KRETEK DEFENDANTS)

42.     Plaintiff re-alleges and incorporates the factual allegations contained in paragraphs 1 through 23 of the preliminary allegations as though set forth full herein.

43.     Under California Government Code § 12945.2(a), it is an unlawful employment practice for a covered employer to violate an employee's right under the CFRA.

44.     At all times, KRETEK was an employer covered by the CFRA because it had more than 50 employees under its employ.

45.     At all times herein alleged, Plaintiff JONES was at all times an employee entitled to CFRA leave because she had more than 12 months of continuous service, on a full-time basis at the time she requested her leave.

46.     Specifically, 2 Cal. Code Regs. § 7297.2(a) provides that an employer *shall* guarantee to reinstate the employee to the same or comparable position. Moreover, "An employee who takes CFRA leave is guaranteed that taking leave will not result in a loss of job security or in other adverse employment actions." [*Neisendorf v. Levi Strauss & Co.* (2006) 143 Cal.App.4th 509, 517]. In addition, the CFRA has similar notification requirements as those under the FMLA as it relates for designation of leave and notice of the amount of leave available, which KRETEK failed to comply with.

47.     Defendants KRETEK, Mr. GILLILAND, and Ms. YAWOSKY denied Plaintiff JONES her rights under the CFRA in the following ways:

---

13

Complaint

- In June of 2011, Defendants forced JONES to take intermittent leave when she requested and needed full-time leave in violation of California Government Code § 12945.2(a) and 2 Cal. Code Regs. § 7297.1(a);

- From June 2011 to August of 2011, Defendants calculated JONES' intermittent leave based on a 12-calander week basis, instead of based on the actual leave she used in violation of California Government Code § 12945.2(a) and 2 Cal. Code Regs. § 7297.3(a);

- In August of 2011, Defendants tried to fire JONES on the twelve week anniversary of the commencement of her intermittent leave also in violation of California Government Code § 12945.2(l)(1) and 2 Cal. Code Regs. § 7297.7(a);

- From June 2011 to August of 2011, Defendants discouraged JONES from exercising her right to leave in violation of California Government Code § 12945.2(t) and 2 Cal. Code Regs. § 7297.1(a);

- In November of 2011, Defendants began looking for replacements for Ms. JONES while she was on protected leave, even posting an ad on Craigslist.org, soliciting candidates for her position, in violation of California Government Code § 12945.2(t) and 2 Cal. Code Regs. § 7297.7(a);

- On December 5, 2011, Defendants refused to return JONES to her original position, or to an equivalent one, essentially demoting her immediately upon her return, in violation of California Government Code § 12945.2(a) and 2 Cal. Code Regs. § 7297.2(a);

- On December 5, 2011, Defendants used JONES' leave as a negative factor in deciding to write her up and demote her in violation of California Government Code § 12945.2(t) and 2 Cal. Code Regs. § 7297.7(a);

- On June 14, 2012, Defendants failed to follow the detailed designation requirements under 2 Cal. Code Regs. § 7297.4(a)(1);

- On June 14 and 15, 2012, Defendants interfered with and denied Ms. JONES' right to CFRA leave by summarily terminating her employment when she requested leave in violation of California Government Code § 12945.2(a) and 2 Cal. Code Regs. § 7297.7(a).

47.    Plaintiff JONES was denied reinstatement to her position or to that of an equivalent position because, in direct violation to 2 Cal. Code Regs. § 7297.2(a), KRETEK terminated her employment while Plaintiff was on leave.

48.    As a result of KRETEK's denial of her rights under the CFRA, Ms. JONES suffered the loss of her job and resulting lost wages, economic benefits, and other special damages.

49.    As a direct and proximate result of the violations of law, Plaintiff JONES has suffered emotional distress in the form of worry, anxiety, loss of sleep, loss of appetite, loss of a sense of purpose and wellbeing, loss enjoyment in things she once enjoyed, depression, as well as other symptoms of emotional distress.

50.    The actions of KRETEK, Mr. GILLILAND, and Ms. YAWOSKY in denying Plaintiff her rights under the CFRA were malicious, despicable, fraudulent and oppressive within the meaning of Civil Code section 3294, thereby entitling Plaintiff to an award of punitive damages. Moreover, GILLILAND and YAWOSKY, as Plaintiff's direct supervisor and human

resources manager, were and are managing agents of KRETEK within the meaning of California's applicable jurisprudence and statutory law such that KRETEK is also liable for their actions for the purposes of punitive damages.

## FOURTH CAUSE OF ACTION

### RETALIATION FOR TAKING CFRA PROTECTED LEAVE

### (AGAINST THE KRETEK DEFENDANTS)

51.     Plaintiff re-alleges and incorporates the factual allegations contained in paragraphs 1 through 23 of the preliminary allegations as though set forth full herein.

52.     Under Government Code § 12940(h), 12945.2(l) and 2 Cal. Code Regs. § 7297.7, an employer may not discriminate, discharge or retaliate against an employee for exercising any right under the CFRA.

53.     At all times, KRETEK was an employer covered by the CFRA because it had more than 50 employees under its employ.

54.     At all times herein alleged, Plaintiff JONES was at all times an employee entitled to CFRA leave because she had more than 12 months of continuous service, on a full-time basis at the time she requested her leave.

55.     Defendant KRETEK intentionally retaliated against Plaintiff for taking a CFRA qualifying leave because it terminated her when she exercised her right to leave, and in the ways described above in Paragraph 38.

56.     As a direct and proximate result of the violations of law, Plaintiff JONES has suffered emotional distress in the form of worry, anxiety, loss of sleep, loss of appetite, loss of a

sense of purpose and wellbeing, loss enjoyment in things she once enjoyed, depression, as well as other symptoms of emotional distress.

57.     The actions of KRETEK, Mr. GILLILAND, and Ms. YAWOSKY in denying Plaintiff her rights under the CFRA were malicious, despicable, fraudulent and oppressive within the meaning of Civil Code section 3294, thereby entitling Plaintiff to an award of punitive damages. Moreover, GILLILAND and YAWOSKY, as Plaintiff's direct supervisor and human resources manager, were and are managing agents of KRETEK within the meaning of California's applicable jurisprudence and statutory law such that KRETEK is also liable for their actions for the purposes of punitive damages.

### FIFTH CAUSE OF ACTION

### UNLAWFUL DISCRIMINATION UNDER FEHA (AGE AND DISABILITY)

### (AGAINST THE KRETEK DEFENDANTS ONLY)

58.     Plaintiff re-alleges and incorporates the factual allegations contained in paragraphs 1 through 23 of the preliminary allegations as though set forth full herein.

59.     At all times herein alleged, Plaintiff was an employee subject to the protections of the Fair Employment & Housing Act.

60.     The FEHA makes it an unlawful employment action to discriminate against an employee on the basis of age, disability or perceived disability.

61.     Defendant KRETEK discriminated against JONES on the basis of age, disability and/or perceived disability as follows. KRETEK had a culture that valued youth and vitality, especially after it entered the so-called "super foods" industry and the adult entertainment industry. As such, KRETEK gave younger, seemingly more healthful, employees better terms

17

Complaint

and conditions in employment than JONES. KRETEK viewed Ms. JONES, who is over 50 and who had taken 3 FMLA/CFRA leaves, as too old and infirm to continue in her employment. As such, it terminated her on June 15, 2012, the day after she notified it of her need for a medical leave of absence. As such, KRETEK's termination of Plaintiff violated FEHA.

62.     As a result of KRETEK's unlawful termination, Ms. JONES has suffered lost wages, general damages and emotional distress in the form of anxiety, worry, loss of sleep, loss of appetite and other symptoms.

63.     The actions of KRETEK in terminating Ms. JONES in violation of the FEHA were malicious, despicable, fraudulent and oppressive within the meaning of Civil Code section 3294, thereby entitling Plaintiff to an award of punitive damages. Moreover, GILLILAND and YAWOSKY, as Plaintiff's direct supervisor and human resources manager, were and are managing agents of KRETEK within the meaning of California's applicable jurisprudence and statutory law such that KRETEK is also liable for their actions for the purposes of punitive damages.

## SIXTH CAUSE OF ACTION

## FAILURE TO ACCOMMODATE A KNOWN DISABILITY IN VIOLATION OF FEHA

## (AGAINST THE KRETEK DEFENDANTS ONLY)

64.     Plaintiff re-alleges and incorporates the factual allegations contained in paragraphs 1 through 23 of the preliminary allegations as though set forth full herein.

65.     At all times herein alleged, Plaintiff was an employee subject to the protections of the Fair Employment & Housing Act.

---

18

Complaint

66.    JONES notified KRETEK of her medical condition and/or physical disability, pneumonia that necessitated hospitalization, on June 14, 2012.

67.    Under Government Code § 12940(m), JONES was entitled to a reasonable accommodation for her qualifying disability or medical condition. Under *Jensen v. Wells Fargo Bank* (2000) 85 Cal.App.4th 245, 263, holding a job open for disabled employee who needs time to heal (i.e., a finite leave of absence) is itself a form of a reasonable accommodation.

68.    The KRETEK Defendants violated Government Code § 12940(m) by terminating Ms. JONES when she requested a reasonable accommodation of a finite leave of absence.

69.    As a result of KRETEK's unlawful termination, Ms. JONES has suffered lost wages, general damages and emotional distress in the form of anxiety, worry, loss of sleep, loss of appetite and other symptoms.

70.    The actions of KRETEK in terminating Ms. JONES in violation of the FEHA were malicious, despicable, fraudulent and oppressive within the meaning of Civil Code section 3294, thereby entitling Plaintiff to an award of punitive damages. Moreover, GILLILAND and YAWOSKY, as Plaintiff's direct supervisor and human resources manager, were and are managing agents of KRETEK within the meaning of California's applicable jurisprudence and statutory law such that KRETEK is also liable for their actions for the purposes of punitive damages.

### SEVENTH CAUSE OF ACTION

### WRONGFUL DEMOTION AND TERMINATION

### IN VIOLATION OF PUBLIC POLICY

### (AGAINST DEFENDANT KRETEK)

71.    Plaintiff re-alleges and incorporates the factual allegations contained in paragraphs 1 through 23 of the preliminary allegations as though set forth full herein.

72.    KRETEK's demotion, and then termination, of Plaintiff JONES, as described in the preliminary allegations above, violated public polices articulated in the following federal and state statutes: California Government Code § 12945.2; Government Code § 12940(a), (h), (m), and (n); and 29 U.S.C. 2601 et seq.

73.    As a direct and proximate result of the violations of law, Plaintiff JONES has suffered emotional distress in the form of worry, anxiety, loss of sleep, loss of appetite, loss of a sense of purpose and wellbeing, loss enjoyment in things she once enjoyed, depression, as well as other symptoms of emotional distress.

74.    The actions of KRETEK in denying Plaintiff her rights were malicious, despicable, fraudulent and oppressive within the meaning of Civil Code section 3294, thereby entitling Plaintiff to an award of punitive damages.  Plaintiff is informed and believes that Defendants' managing agents authorized and ratified Defendants' wrongful conduct.

**WHEREFORE,** Plaintiff prays for the following relief:

1. Past and future lost wages, benefits and other lost compensation under all causes of action;

2. For attorneys' fees, expert witness fees and other costs of suit pursuant to 29 U.S.C. 2617(a)(3) and 29 C.F.R. § 8925.400(c) under the two FMLA causes of action;

3. Attorneys' fees and costs pursuant to Government Code §§ 12970, 12965 under the two CFRA causes of action;

4. For emotional distress under all causes of action *except* the two FMLA causes of action;

5. For liquidated damages under the two FMLA causes of action;

6. For punitive damages under all causes of action *except* the two FMLA causes of action;

7. For interest under all causes of action;

8. For such other and further relief as this court deems just and proper.

Dated:  May 30, 2013                    REHWALD GLASNER & CHALEFF

By: _____
KEVIN REHWALD
Attorney for Plaintiff COLLEEN JONES

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

Dated:  May 30, 2013                    REHWALD GLASNER & CHALEFF

By: _____
KEVIN REHWALD
Attorney for Plaintiff COLLEEN JONES

Complaint

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|

KEVIN REHWALD, SB #255334
REHWALD GLASNER & CHALEFF
5855 Topanga Canyon Blvd.
Suite 400
Woodland Hills, CA 91367

TELEPHONE NO.: (818) 703-7500   FAX NO.: (818) 703-7498
ATTORNEY FOR *(Name):* Plaintiff COLLEEN JONES

SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA
STREET ADDRESS: 800 S. Victoria Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Ventura, CA 93009
BRANCH NAME: VENTURA MAIN

VENTURA
SUPERIOR COURT
**FILED**

MAY 31 2013

MICHAEL D. PLANET
Executive Officer and Clerk

BY _____, Deputy
Maria A. Acosta

CASE NAME: JONES v KRETEK

| CIVIL CASE COVER SHEET | | Complex Case Designation | 56-2013-00437253-CU-WT-VTA |
|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [ ] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action *(specify):* SEVEN

5. This case [ ] is [x] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: MAY 30, 2013

KEVIN REHWALD, SB #255334
*(TYPE OR PRINT NAME)*                                          *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF VENTURA

800 South Victoria Avenue
Ventura , CA 93009
(805) 654-2609
WWW.VENTURA.COURTS.CA.GOV

## NOTICE OF CASE ASSIGNMENT AND MANDATORY APPEARANCE

Case Number: **56-2013-00437253-CU-WT-VTA**

Your case has been assigned for all purposes to the judicial officer indicated below.

**A copy of this Notice of Case Assignment and Mandatory Appearance shall be served by the filing party on all named Defendants/Respondents with the Complaint or Petition, and with any Cross-Complaint or Complaint in Intervention that names a new party to the underlying action.**

| ASSIGNED JUDICIAL OFFICER | COURT LOCATION | DEPT/ROOM |
|---|---|---|
| Hon. Vincent O'Neill | Ventura | 41 |

| HEARING | MANDATORY APPEARANCE CMC/Order to Show Cause Re Sanctions/Dismissal for Failure to File Proof of Service/Default | |
|---|---|---|
| **EVENT DATE** | **EVENT TIME** | **EVENT DEPT/ROOM** |
| 10/30/2013 | 08:15:00 AM | 22B |

## SCHEDULING INFORMATION

**Judicial Scheduling Information**

**AT THE ABOVE HEARING IS MANDATORY.**

Each party must file a Case Management Statement no later than 15 calendar days prior to the hearing and serve it on all parties. If your Case Management Statement is untimely, it may NOT be considered by the court (CRC 3.725).

If proof of service and/or request for entry of default have not been filed: At the above hearing you are ordered to show cause why you should not be compelled to pay sanctions and/or why your case should not be dismissed (CCP 177.5, Local Rule 3.17).

**Advance Jury Fee Requirement**

At least one party demanding a jury trial on each side of a civil case must pay a non-refundable jury fee of $150. The non-refundable jury fee must be paid timely pursuant to Code of Civil Procedure section 631.

**Noticed Motions/Ex Parte Matters**

To set an ex parte hearing, contact the judicial secretary in the assigned department. Contact the clerk's office to reserve a date for a law and motion matter.

**Telephonic Appearance**

Telephonic appearance at the Case Management Conference is permitted pursuant to CRC 3.670. In addition, see Local Rule 7.01 regarding notice to the teleconference provider. The court, through the teleconference provider, will contact all parties and counsel prior to the hearing.

Clerk of the Court,

Date: 05/31/2013        By: *Malia A. Acosta*
_____

Malia Acosta, Clerk

VEN-FNR070

## NOTICE OF CASE ASSIGNMENT AND MANDATORY APPEARANCE

EXHIBIT 2

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** KRETEK INTERNATIONAL, INC. a
**(AVISO AL DEMANDADO):** California Corporation; ULTIMATE
SUPERFOODS INC., a California Corporation; PHILLIPS &
KING INTERNATIONAL, INC., a California Corporation;
CROSSLINE INTERNATIONAL, INC., a California
Corporation; MAX GILLILAND, an Individual; YVONNE
YAWORSKY, an Individual; and DOES 1 through 25,
Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** COLLEEN JONES, an
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** Individual

VENTURA
SUPERIOR COURT
FILED

MAY 3 1 2013

MICHAEL D. PLANET
Executive Officer and Clerk
BY:_____,Deputy
Julia A. Acosta

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es):
SUPERIOR COURT OF CALIFORNIA
800 S. Victoria Avenue

Ventura, CA 93009

56-2013-00437253-CU-WT-VTA

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
KEVIN REHWALD, SB #255334                    (818) 703-7500   (818) 703-7498
REHWALD GLASNER & CHALEFF
5855 Topanga Canyon Blvd.                    MICHAEL D. PLANET
Woodland Hills, CA 91367
DATE:                                    Clerk, by _____, Deputy
(Fecha)  MAY 3 1 2013                     (Secretario)  Julia A. Acosta        (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):
3. [X] on behalf of (specify): CROSSLINE INTERNATIONAL, INC., A CALIFORNIA CORPORATION

under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
       [ ] other (specify):
4. [ ] by personal delivery on (date):

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS


Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

## SUMMONS
### (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** KRETEK INTERNATIONAL, INC. a
**(AVISO AL DEMANDADO):** California Corporation; ULTIMATE
SUPERFOODS INC., a California Corporation; PHILLIPS &
KING INTERNATIONAL, INC., a California Corporation;
CROSSLINE INTERNATIONAL, INC., a California
Corporation; MAX GILLILAND, an Individual; YVONNE
YAWORSKY, an Individual; and DOES 1 through 25,
Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** COLLEEN JONES, an
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** Individual

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

VENTURA
SUPERIOR COURT
FILED

MAY 3 1 2013

MICHAEL D. PLANET
Executive Officer and Clerk
BY:_____, Deputy
Maria A. Acosta

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA
800 S. Victoria Avenue

Ventura, CA 93009

56-2013-00437253-CU-WT-VTA

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
KEVIN REHWALD, SB #255334                    (818) 703-7500   (818) 703-7498
REHWALD GLASNER & CHALEFF
5855 Topanga Canyon Blvd.
Woodland Hills, CA 91367

MICHAEL D. PLANET

DATE:                                    Clerk, by                        , Deputy
*(Fecha):* MAY 3 1 2013                   *(Secretario)* Maria A. Acosta    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**



Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** KRETEK INTERNATIONAL, INC. a
**(AVISO AL DEMANDADO):** California Corporation; ULTIMATE
SUPERFOODS INC., a California Corporation; PHILLIPS &
KING INTERNATIONAL, INC., a California Corporation;
CROSSLINE INTERNATIONAL, INC., a California
Corporation; MAX GILLILAND, an Individual; YVONNE
YAWORSKY, an Individual; and DOES 1 through 25,
Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** COLLEEN JONES, an
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** Individual

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

VENTURA
SUPERIOR COURT
FILED

MAY 31 2013

MICHAEL D. PLANET
Executive Officer and Clerk

BY: _____, Deputy
Maria A. Acosta

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

56-2013-00437253-CU-WT-VTA

SUPERIOR COURT OF CALIFORNIA
800 S. Victoria Avenue
Ventura, CA 93009

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

KEVIN REHWALD, SB #255334          (818) 703-7500   (818) 703-7498
REHWALD GLASNER & CHALEFF
5855 Topanga Canyon Blvd.          MICHAEL D. PLANET
Woodland Hills, CA 91367

DATE:   MAY 31 2013          Clerk, by _____, Deputy
*(Fecha):*                   *(Secretario)*          Maria A. Acosta          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [  ] as an individual defendant.
2. [  ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* KRETEK INTERNATIONAL, INC., A CALIFORNIA CORPORATION

   under: [X] CCP 416.10 (corporation)          [  ] CCP 416.60 (minor)
          [  ] CCP 416.20 (defunct corporation)  [  ] CCP 416.70 (conservatee)
          [  ] CCP 416.40 (association or partnership)  [  ] CCP 416.90 (authorized person)
          [  ] other *(specify):*
4. [  ] by personal delivery on *(date):*

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**



Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

**SUMMONS**
*(CITATION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:** KRETEK INTERNATIONAL, INC. a
*(AVISO AL DEMANDADO):* California Corporation; ULTIMATE
SUPERFOODS INC., a California Corporation; PHILLIPS &
KING INTERNATIONAL, INC., a California Corporation;
CROSSLINE INTERNATIONAL, INC., a California
Corporation; MAX GILLILAND, an Individual; YVONNE
YAWORSKY, an Individual; and DOES 1 through 25,
Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** COLLEEN JONES, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* Individual

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

VENTURA
SUPERIOR COURT
FILED

MAY 3 1 2013

MICHAEL D. PLANET
Executive Officer and Clerk
BY: _____, Deputy
Chila A. Acosta

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:                                       56-2013-00437253-CU-WT-VTA
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA
800 S. Victoria Avenue
Ventura, CA 93009

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
KEVIN REHWALD, SB #255334                          (818) 703-7500   (818) 703-7498
REHWALD GLASNER & CHALEFF
5855 Topanga Canyon Blvd.                           MICHAEL D. PLANET
Woodland Hills, CA 91367
DATE:                               Clerk, by _____, Deputy
*(Fecha):* MAY 3 1 2013             *(Secretario)*                Chila A. Acosta   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* PHILLIPS & KING INTERNATIONAL, INC., A CALIFORNIA CORPORATION

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

                                                                       Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
℠ Plus

Code of Civil Procedure §§ 412.20, 465

[SEAL] SUPERIOR COURT VENTURA COUNTY CALIFORNIA

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:** KRETEK INTERNATIONAL, INC. a
*(AVISO AL DEMANDADO):* California Corporation; ULTIMATE
SUPERFOODS INC., a California Corporation; PHILLIPS &
KING INTERNATIONAL, INC., a California Corporation;
CROSSLINE INTERNATIONAL, INC., a California
Corporation; MAX GILLILAND, an Individual; YVONNE
YAWORSKY, an Individual; and DOES 1 through 25,
Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** COLLEEN JONES, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* Individual

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

VENTURA
SUPERIOR COURT
FILED

MAY 31 2013

MICHAEL D. PLANET
Executive Officer and Clerk
BY: _____, Deputy
Laila A. Acosta

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA
800 S. Victoria Avenue
Ventura, CA 93009

56-2013-00437253-CU-WT-VTA

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
KEVIN REHWALD, SB #255334          (818) 703-7500  (818) 703-7498
REHWALD GLASNER & CHALEFF
5855 Topanga Canyon Blvd.
Woodland Hills, CA 91367

MICHAEL D. PLANET

DATE:           MAY 31 2013                Clerk, by _____, Deputy
*(Fecha)*                                  *(Secretario)*          Laila A. Acosta    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* ULTIMATE SUPERFOODS INC.,
   A CALIFORNIA CORPORATION
   under: [X] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:** KRETEK INTERNATIONAL, INC. a
*(AVISO AL DEMANDADO):* California Corporation; ULTIMATE
SUPERFOODS INC., a California Corporation; PHILLIPS &
KING INTERNATIONAL, INC., a California Corporation;
CROSSLINE INTERNATIONAL, INC., a California
Corporation; MAX GILLILAND, an Individual; YVONNE
YAWORSKY, an Individual; and DOES 1 through 25,
Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** COLLEEN JONES, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* Individual

VENTURA
SUPERIOR COURT
FILED

MAY 31 2013

MICHAEL D. PLANET
Executive Officer and Clerk
BY:_____,Deputy
Maila A. Acosta

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

SUPERIOR COURT OF CALIFORNIA
800 S. Victoria Avenue

Ventura, CA 93009

56-2013-00437253-CU-WT-VTA

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
KEVIN REHWALD, SB #255334                    (818) 703-7500  (818) 703-7498
REHWALD GLASNER & CHALEFF
5855 Topanga Canyon Blvd.                    MICHAEL D. PLANET
Woodland Hills, CA 91367

DATE:   MAY 31 2013              Clerk, by _____, Deputy
*(Fecha)*                        *(Secretario)*          Maila A. Acosta   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)         [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

1

2
**PROOF OF SERVICE**

3
STATE OF CALIFORNIA    )
                       )  ss.
COUNTY OF LOS ANGELES  )

4

5
I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action;  my business address is Venable LLP, 2049 Century Park East, Suite 2100, Los Angeles, California.

6

7
On **July 19, 2013**, I served a copy ☑ / original ☐ of the foregoing document(s) described as NOTICE OF REMOVAL on the interested parties in this action addressed as follows

8

9
Mr. Kevin Rehwald
Rehwald, Glasner & Chaleff
Topanga Warner Financial Center
5855 Topanga Canyon Blvd., Suite 400
Woodland Hils, CA 91367

10

11

12
☑      By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

13

14
☐      **BY MAIL (FRCP 5(b)(1)(C)):**  I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service.  Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with postage thereon fully prepaid at 2049 Century Park East, Suite 2100, Los Angeles, California, in the ordinary course of business.

15

16

17
☑      **BY PERSONAL SERVICE (FRCP 5(b)(1)(B)(i)):**  I caused to be delivered such envelope(s) by hand to the addressee(s) as stated above.

18

19
☐      **BY OVERNIGHT DELIVERY  (FRCP 5(b)(1)(F)):**  I am readily familiar with the firm's practice of collection and processing items for delivery with Overnight Delivery.  Under that practice such envelope(s) is deposited at a facility regularly maintained by Overnight Delivery or delivered to an authorized courier or driver authorized by Overnight Delivery to receive such envelope(s), on the same day this declaration was executed, with delivery fees fully provided for in the ordinary course of business.

20

21

22

23
I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

24

25

26
Executed on **July 19, 2013**, at Los Angeles, California.

27
*Heather Edmonds*
Heather Edmonds

28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1

#6466919

NOTICE OF REMOVAL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Michael Fitzgerald and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV13- 5241 MWF (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
COLLEEN JONES

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
KRETEK INTERNATIONAL, INC.; ULTIMATE SUPERFOODS INC.; PHILLIPS & KING INTERNATIONAL, INC.; CROSSLINE INTERNATIONAL, INC.; MAX GILLILAND; and YVONNE YAWORSKY

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Rehwald Glasner & Chaleff
5855 Topanga Canyon Blvd., Suite 400
Woodland Hills, CA 91367
(818) 703-7500

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Daniel P. Hoffer (SBN 173812), Celeste Brecht (SBN 238604)
Venable LLP
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
(310) 229-9900

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ >35,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Removal of state court lawsuit pursuant to 28 U.S.C. §§ 1331, 1441, 1446 and 1367. The lawsuit includes claims under the Family and Medical Leave Act (29 U.S.C. § 2601 et seq.), and other related claims.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☒ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY:  Case Number:   **CV13-05241**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura County | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE: July 19, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims filed by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

American LegalNet, Inc.
www.FormsWorkFlow.com

**PROOF OF SERVICE**

STATE OF CALIFORNIA  )
                     )  ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Venable LLP, 2049 Century Park East, Suite 2100, Los Angeles, California.

On **July 19, 2013**, I served a copy ☑ / original ☐ of the foregoing document(s) described as CIVIL COVER SHEET on the interested parties in this action addressed as follows

    Mr. Kevin Rehwald
    Rehwald, Glasner & Chaleff
    Topanga Warner Financial Center
    5855 Topanga Canyon Blvd., Suite 400
    Woodland Hills, CA 91367

☑    By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

    ☐    **BY MAIL (FRCP 5(b)(1)(C)):** I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service. Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with postage thereon fully prepaid at 2049 Century Park East, Suite 2100, Los Angeles, California, in the ordinary course of business.

    ☑    **BY PERSONAL SERVICE (FRCP 5(b)(1)(B)(i)):** I caused to be delivered such envelope(s) by hand to the addressee(s) as stated above.

    ☐    **BY OVERNIGHT DELIVERY (FRCP 5(b)(1)(F)):** I am readily familiar with the firm's practice of collection and processing items for delivery with Overnight Delivery. Under that practice such envelope(s) is deposited at a facility regularly maintained by Overnight Delivery or delivered to an authorized courier or driver authorized by Overnight Delivery to receive such envelope(s), on the same day this declaration was executed, with delivery fees fully provided for in the ordinary course of business.

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **July 19, 2013**, at Los Angeles, California.

          _Heather Edmonds_
          Heather Edmonds

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1

#6466919

CERTIFICATION OF INTERESTED PARTIES